**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| Felipe Calles Rivas, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| PAMELA JO BONDI, ) | |
| United States Attorney General; ) | |
| ) | |
| TODD LYONS, ) | |
| Acting Director of Immigration and Customs ) | |
| Enforcement ) | |
| ) | |
| KRISTI LYNN NOEM, ) | |
| Secretary of Homeland Security; ) | |
| ) | |
| MIGUEL VERGARA, ) | |
| Harlingen Acting Field Office Director ) | |
| For Detention and Removal, U.S. ) | |
| Immigration and Customs Enforcement; ) | |
| and, ) | |
| ) | |
| NORBAL VASQUEZ, ) | |
| Warden, Port Isabel Processing Center ) | |
| Detention Center; ) | |
| ) | |
| in their official capacities; ) | |
| ) | |
| Respondents. ) | |
| ) | |

**PETITION FOR WRIT OF HABEAS CORPUS**
**AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. This action challenges the unlawful detention of Petitioner by U.S. Immigration and Customs

Enforcement ("ICE") without statutory authority, without a designated country of removal,

1

and without due process, in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Fifth Amendment.

2. Petitioner was granted withholding of removal to Mexico approximately thirteen (13) years ago and has lived in the community under supervision since that time. The Immigration Judge's decision granting withholding of removal is attached as Exhibit A.

3. On Sunday, December 21, 2025, ICE suddenly detained Petitioner and transferred him to the Port Isabel Service Processing Center.

4. ICE officers verbally stated—and only verbally—that the government would "try to remove" Petitioner to Guatemala.

5. No written notice has been issued.

6. No Form I-261 has been served.

7. No country of removal has been formally designated.

8. No acceptance by Guatemala exists.

9. No travel documents exist.

10. Because DHS has not identified or secured a country of removal, the statutory removal period has never begun, and ICE lacks detention authority under INA § 241(a).

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. §§ 1331 and 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

12. Venue is proper in this District because Petitioner is detained at Port Isabel Service Processing Center, located within the Southern District of Texas.

## III. PARTIES

13. Petitioner Felipe Calles Rivas is a citizen of Mexico who has been detained at the Port Isabel Detention Center.

14. Respondent PAMELA JO BONDI is the Attorney General of the United States and the most senior official in the United States Department of Justice ("DOJ"). She has the authority to interpret the immigration laws and adjudicate removal cases. 8 U.S.C. § 1103(g). The Attorney General delegates this responsibility to the Executive Office for Immigration Review ("EOIR"), which administrates the immigration courts and the Board of Immigration Appeals ("BIA" or "Board"). Respondent is named in her official capacity. Respondent's address is 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

15. Respondent Todd Lyons is Acting Director of Immigration and Customs Enforcement. Respondent's address is 500 12th St SW Washington, DC 20536.

16. Respondent Kristi Lynn Noem is the Secretary of the U.S. Department of Homeland Security ("DHS"), an agency of the United States. Respondent is responsible for the administration of immigration laws pursuant to 8 U.S.C. § 1103(a). The Secretary is a legal custodian of the Plaintiff-Petitioner. Respondent is named in her official capacity. Her address is Department of Homeland Security, Washington, D.C. 20528.

17. Respondent MIGUEL VERGARA is the Field Office Director for Detention and Removal (ERO), ICE, DHS, for the Harlingen ERO Office. He is a custodial official acting within the boundaries of the judicial district of the United States Court for the Southern District of Texas. Pursuant to Respondent's orders, Petitioner remains detained. Respondent is sued in his official capacity. Respondent can be served with process at U.S. Immigration and Customs

3

Enforcement, Office of the Principal Legal Advisory, 500 12th St., SW, Mail Stop 5900, Washington, DC 20536- 5900.

18. Respondent NORBAL VASQUEZ is the Warden of the Port Isabel Processing Center. He is Petitioner's immediate custodian and resides in the judicial district of the United States Court for the Southern District of Texas. Respondent is named in his official capacity. Respondent Collins can be served with process at Zenbusiness Inc., 5511 Parkcrest Dr. Suite 103, Austin, TX 78731.

### IV. FACTUAL BACKGROUNG

19.  Petitioner is a national of Mexico.

20. Approximately thirteen (13) years ago, an Immigration Judge granted Petitioner withholding of removal to Mexico, barring DHS from removing him to that country.

21. Since that time, Petitioner has fully complied with all supervision requirements and has lived peacefully in the community.

22. On Sunday, December 21, 2025, ICE officers detained Petitioner without prior notice.

23. During detention, ICE officers verbally stated that DHS would attempt to remove Petitioner to Guatemala.

24. ICE has not issued any written document identifying Guatemala as a country of removal.

25. ICE has not served a Form I-261, has not obtained acceptance from Guatemala, and has not initiated removal logistics.

26. Removal is therefore not reasonably foreseeable, and detention lacks statutory authority.

### V. CLAIMS FOR RELIEF

**COUNT I – Habeas Corpus (28 U.S.C. § 2241**)

27. Unlawful Detention Without Statutory Authority.

28. Detention under INA § 241(a) is lawful only for a period reasonably necessary to effect removal. *Zadvydas v. Davis*, 533 U.S. 678 (2001).

29. Because removal to Mexico is legally barred and no alternate country has been designated or secured, no removal period has commenced.

30. Detention based on speculation violates the INA and the Constitution.

31. Petitioner is entitled to immediate release.

**COUNT II – APA (5 U.S.C. § 706)**

32. Agency Action in Excess of Statutory Authority DHS's detention of Petitioner without compliance with INA § 241(b) is arbitrary, capricious, and not in accordance with law.

33. DHS may not detain first and determine a country later.

**COUNT III – Fifth Amendment Due Process**

34. Petitioner has a substantial liberty interest after 15 years of freedom.

35. Detention without notice, without country designation, and without an opportunity to contest removal to Guatemala violates procedural due process.

## VI.  RELIEF REQUESTED

Petitioner respectfully requests that the Court:

a.  Grant the writ of habeas corpus;

b.  Order Petitioner's immediate release;

c.  Declare that DHS lacks detention authority absent a designated country of removal;

d.  Enjoin DHS from re-detaining Petitioner absent lawful, country-specific procedures;

e.  Grant all other just and proper relief.

Dated: December 24, 2025

Respectfully submitted,
By: */s/ Anthony Matulewicz*
Anthony Matulewicz
Matulewicz & Associates, P.C
521 S. Broadway
McAllen, TX 78501-4929
(956) 972-0330
(956) 972-0353
anth@matulewicz.com
State Bar Number: 13234358
Federal Bar Number: 15710
Attorney for Petitioner

**VERIFICATION OF COUNSEL**

I, Anthony Matulewicz, hereby certify that I am familiar with the case of the named Petitioner and that the facts as stated above are true and correct to the best of my knowledge and belief.

*/s/ Anthony Matulewicz*
Anthony Matulewicz