United States District Court
Southern District of Texas
**ENTERED**
January 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FELIPE CALLES RIVAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-361 |
| | § | |
| PAMELA JO BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

The Court has reviewed Petitioner Felipe Calles Rivas's Petition for Writ of Habeas Corpus (Doc. 1) and Emergency Motion for Immediate Release or, in the Alternative, Temporary Restraining Order (Doc. 2).

As to his request for emergency injunctive relief, Calles appears to request his immediate release and an order precluding his removal to a third country without certain due process protections.

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (cleaned up).  To be entitled to a temporary restraining order, "the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (concerning a preliminary injunction); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (noting that the party seeking injunctive relief must meet all four factors "before a temporary restraining order or preliminary injunction can be granted").

Calles requests that the Court order his immediate release on the grounds that his continued detention is unreasonable under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court established that it is "presumptively reasonable" for the United States to detain an alien for six months after a final order of removal has been issued. *Zadvydas*, 533 U.S. at 701. In the present case, Calles's Petition alleges that an Immigration Judge ordered that he be removed from the United States thirteen years ago, but granted him withholding of removal to his home country of Mexico. (Pet., Doc. 1, 2) DHS released Calles to community supervision, but arrested and detained him on December 21, 2025. (*Id.*) Accordingly, Calles has been detained for less than three weeks, which is well within the Government's "presumptively reasonable" period. As a result, his request based on *Zadvydas* is premature and cannot form the basis for a temporary restraining order. To the extent that Calles claims that Respondents may not detain him unless and until they notify him of the third country to which Respondents intend to remove him, Calles has not demonstrated that governing authority supports such a position, at least to support the issuance of an *ex parte* temporary restraining order.

Calles also requests that the Court preclude his removal to a third country absent certain procedural protections. But he only generally alleges his belief that Respondents intend to remove him to Guatemala, and he includes no allegation indicating that Respondents intend to remove him in the near future. Absent such allegations, the Court cannot conclude that Petitioner has demonstrated a substantial likelihood of success on the merits or that a substantial threat of irreparable injury can be avoided solely through the issuance of an *ex parte* temporary restraining order.

For these reasons, it is:

**ORDERED** that Petitioner Felipe Calles Rivas's verified request for a temporary restraining order is **DENIED**.

It is also **ORDERED** that the Court will hold a Status Conference in this matter by videoconference on January 27, 2026, at 1:30 p.m.

The Petitioner is responsible for ensuring that Respondents are served with a copy of the Petition (Doc. 1) and a copy of this Order prior to the hearing.

Signed on January 5, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge